■ RHODA COHEN, Respondent, v DORON KALMAN, Appellant.
[863 NYS2d 63]—

In an action, inter alia, to recover damages for dental malpractice, the defendant appeals from so much of an order of the Supreme Court, Queens County (Elliot, J.), dated April 25, 2007, as denied that branch of his motion which was for summary judgment dismissing the cause of action to recover damages for dental malpractice.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for summary judgment dismissing the cause of action to recover damages for dental malpractice is granted.

The plaintiff in a dental malpractice action must establish that the defendant departed from good and accepted dental practice and that such departure was a proximate cause of the plaintiff's injuries (*see Terranova v Finklea*, 45 AD3d 572 [2007]; *Calabro v Hescheles*, 22 AD3d 622 [2005]). The defendant, an oral and maxillofacial surgeon, made a prima facie showing of his entitlement to summary judgment based upon his own affidavit and the affidavit of another board certified oral and maxillofacial surgeon demonstrating that he did not depart from good and accepted dental practice when he performed an apicoectomy on the plaintiff and that his treatment was not a proximate cause of her alleged injuries (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see Ennd v Kopp*, 48 AD3d 740, 740-741 [2008]; *Posokhov v Oselkin*, 44 AD3d 921 [2007]; *Starr v Rogers*, 44 AD3d 646, 648 [2007]).

In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's expert, submitted in opposition, failed to raise an issue of fact as to whether the defendant's alleged negligence was the proximate cause of her injuries (*see Ennd v Kopp*, 48 AD3d 740, 741 [2008]; *Posokhov v Oselkin*, 44 AD3d 921 [2007]; *Starr v Rogers*, 44 AD3d 646, 648 [2007];

*Mosezhnik v Berenstein,* 33 AD3d 895, 898 [2006]). While the plaintiff's expert opined that the defendant was negligent in placing a retrograde filling near the apex of the root of the first molar thereby damaging the nerve canal lying below that root, in the plaintiff's bill of particulars, she alleged that her injuries were caused when the defendant severed nerves during the apicoectomy. The plaintiff's expert also failed to refute the opinion of the defendant's expert that the permanent numbness that the plaintiff experienced after the apicoectomy may occur in the absence of any negligence. Rivera, J.P., Skelos, Santucci and Belen, JJ., concur. [*See* 2007 NY Slip Op 31206(U).]