■ James A. Fagan, Respondent, v Darshan J. Panchal, Appellant, et al., Defendant. [909 NYS2d 127]—

In an action, inter alia, to recover damages for dental malpractice, the defendant Darshan J. Panchal appeals from an order of the Supreme Court, Suffolk County (Pines, J.), dated

June 17, 2009, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against, among others, the appellant dentist, alleging that although he was referred to the appellant for the extraction of a tooth on the lower right quadrant of his mouth, the defendant committed malpractice by extracting a different tooth which was located on the lower left quadrant of his mouth, while the plaintiff was under general anesthesia. The Supreme Court denied the appellant's motion for summary judgment dismissing the complaint insofar as asserted against him, finding that he failed to meet his prima facie burden of establishing his entitlement to judgment as a matter of law because his own submissions in support of the motion raised triable issues of fact. We agree.

"The requisite elements of proof in a dental malpractice action are a deviation or departure from accepted standards of dental practice, and that such departure was a proximate cause of the plaintiff's injuries" (*Koi Hou Chan v Yeung*, 66 AD3d 642, 642 [2009]; *see Cohen v Kalman*, 54 AD3d 307 [2008]). In support of his motion, the appellant submitted, inter alia, the plaintiff's deposition testimony and his dental expert's affidavit opining that the appellant did not depart from good and accepted practice. In reaching this conclusion, the appellant's expert assumed the appellant's version of events, in particular, that the plaintiff was referred to the appellant for the extraction of tooth number 21, which is located on the lower left quadrant of the mouth. However, in determining a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party (*see Pearson v Dix McBride, LLC*, 63 AD3d 895 [2009]). In this case, the evidence included the plaintiff's deposition testimony that he was referred by another dentist to the appellant for the extraction of a tooth located on the lower right quadrant of his mouth, and that he informed the appellant that he felt pain in that area. Under these circumstances, the appellant failed to meet his prima facie burden (*see Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]) and, therefore, we need not address the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The appellant's remaining contention is without merit. Rivera, J.P., Dickerson, Eng and Austin, JJ., concur.