**29** MICHAEL MCGUIGAN, Respondent, v CENTEREACH MANAGEMENT GROUP, INC., et al., Defendants, and STONY BROOK FAMILY DENTISTRY, Appellant. [942 NYS2d 558]—

In an action, inter alia, to recover damages for wrongful death, the defendant Stony Brook Family Dentistry appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated September 28, 2010, as denied

those branches of its motion which were for summary judgment dismissing the third and fourth causes of action alleging dental malpractice insofar as asserted against it, and (2) so much of an order of the same court dated June 14, 2011, as, upon reargument, adhered to the determination in the order dated September 28, 2010.

Ordered that the appeal from the order dated September 28, 2010, is dismissed, as that order was superseded by the order dated June 14, 2011, made upon reargument; and it is further,

Ordered that the order dated June 14, 2011, is reversed insofar as appealed from, on the law, upon reargument, the determination in the order dated September 28, 2010, denying those branches of the motion of the defendant Stony Brook Family Dentistry which were for summary judgment dismissing the third and fourth causes of action alleging dental malpractice insofar as asserted against it is vacated and, thereupon, those branches of the motion are granted; and it is further,

Ordered that one bill of costs is awarded to the defendant Stony Brook Family Dentistry.

Contrary to the plaintiff's contention, the Supreme Court properly determined, upon reargument, that the allegations in the complaint seeking to impose liability on the defendant Stony Brook Family Dentistry (hereinafter Stony Brook) for the decision of the dentist it employed to prescribe Vicodin to the decedent sounded in dental malpractice rather than ordinary negligence (*see Santana v St. Vincent Catholic Med. Ctr. of N.Y.*, 65 AD3d 1119, 1119-1120 [2009]; *Pacio v Franklin Hosp.*, 63 AD3d 1130, 1132 [2009]).

The requisite elements of proof in a dental malpractice action are a deviation or departure from accepted standards of dental practice, and that such departure was a proximate cause of the plaintiff's injuries (*see Sharp v Weber*, 77 AD3d 812, 813 [2010]; *Koi Hou Chan v Yeung*, 66 AD3d 642 [2009]; *Cohen v Kalman*, 54 AD3d 307 [2008]). Here, Stony Brook established its entitlement to judgment as a matter of law by submitting an affirmation from its dental expert demonstrating that the dentist it employed did not depart from good and accepted dental practice when, in prescribing Vicodin to the decedent, he relied on the decedent's specific representation that he did not have a chemical dependency. The expert's opinion was neither speculative nor conclusory, had a factual foundation in the record, and adequately addressed the allegations of the plaintiff's bill of particulars (*see Roca v Perel*, 51 AD3d 757, 759 [2008]; *Chance v Felder*, 33 AD3d 645, 646 [2006]). In opposition, the plaintiff, who did not submit an affidavit from his own expert, failed to

raise a triable issue of fact (*see Savage v Quinn*, 91 AD3d 748 [2012]; *Thomas v Richie*, 8 AD3d 363, 364 [2004]).

Accordingly, upon reargument, the Supreme Court should have granted those branches of Stony Brook's motion which were for summary judgment dismissing the third and fourth causes of actions alleging dental malpractice insofar as asserted against it. Skelos, J.P., Belen, Lott and Miller, JJ., concur.