■ JULIA KOZLOWSKI et al., Appellants-Respondents, v GABRIELA OANA et al., Respondents-Appellants. [959 NYS2d 500]—

In an action, inter alia, to recover damages for dental malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Murphy, J.), entered August 31, 2011, as denied that branch of their cross motion which was for summary judgment on the issue of liability on their cause of action alleging dental malpractice, and the defendants cross-appeal, as limited by their brief, from so much of the same order as granted that branch of the plaintiffs' cross motion which was to preclude the defendants from offering an expert affirmation in support of their motion for summary judgment dismissing the complaint, and denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiffs, Julia Kozlowski and her husband Gary Kozlowski, suing derivatively, commenced the instant action alleging that Julia Kozlowski sustained an injury when her right lingual nerve was severed during a wisdom tooth extraction performed by the defendant Gabriela Oana. The complaint asserted causes of action to recover damages, inter alia, for dental malpractice and lack of informed consent.

The defendants moved for summary judgment dismissing the complaint, relying on, among other things, an expert affirmation from oral surgeon Dr. Frank Weber. The plaintiffs cross-moved to preclude the defendants from offering Dr. Weber's expert affirmation in support of their motion, and for summary judgment on the issue of liability on their cause of action alleging dental malpractice. The Supreme Court granted that branch of the plaintiffs' cross motion which was to preclude the defendants from offering Dr. Weber's expert affirmation in support of their motion for summary judgment, denied the defendants' motion for summary judgment dismissing the complaint, and denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on their cause of action alleging dental malpractice.

Contrary to the defendants' contention, the Supreme Court providently exercised its discretion in granting that branch of the plaintiffs' cross motion which was to preclude the defendants from offering Dr. Weber's expert affirmation in support of their motion for summary judgment. Where, as here, a defendant fails to disclose an expert witness in its answer to a plaintiff's discovery demand pursuant to CPLR 3101 (d) (1) (i) prior to the filing of the note of issue and certificate of readiness, the Supreme Court has the discretion to consider an affirmation from that expert in the context of a post-note of issue, timely motion for summary judgment, or to impose an appropriate sanction as the circumstances may warrant (*see Rivers v Birnbaum,* 102 AD3d 26, 44 [2012]). Here, the Supreme Court providently exercised its discretion in granting that branch of the plaintiffs' cross motion which was to preclude the defendants from offering Dr. Weber's expert affirmation in support of their motion for summary judgment in light of, inter alia, the defendants' untimely disclosure of Dr. Weber as their expert, their failure to provide any excuse for the delay, and circumstances indicating that their failure to disclose was wilful (*see id.*; *Kopeloff v Arctic Cat, Inc.,* 84 AD3d 890, 890-891 [2011]).

The Supreme Court properly denied the defendants' motion for judgment as a matter of law dismissing the cause of action to recover damages for dental malpractice. In a dental malpractice action, the requisite elements of proof are a deviation or departure from accepted standards of dental practice, and that such departure was a proximate cause of the plaintiff's injuries (*see McGuigan v Centereach Mgt. Group, Inc.,* 94 AD3d 955, 956 [2012]; *Zito v Jastremski,* 84 AD3d 1069, 1070 [2011]). A defendant moving for summary judgment has the initial burden of establishing that he or she did not depart from good and ac-

cepted practice, or if there was such a departure, that it was not a proximate cause of the plaintiff's injuries (*see Sharp v Weber*, 77 AD3d 812, 814 [2010]). Here, the defendants established, prima facie, that Oana did not depart from good and accepted practice. However, in opposition, the plaintiffs raised a triable issue as to a departure with, inter alia, the affirmation of their expert, who opined that the severed nerve suffered by the injured plaintiff could not have occurred unless Oana deviated from accepted dental practice by straying outside the field of surgery. Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for judgment as a matter of law dismissing the dental malpractice cause of action (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Further, the defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law dismissing the cause of action to recover damages for lack of informed consent. The consent forms signed by Julia Kozlowski did not establish, as a matter of law, that the injury she allegedly sustained, in its nature and extent, was consistent with the type of injury she had been told to consider as being among the reasonably foreseeable risks of the wisdom tooth extraction, or that a reasonable, fully informed person in her position would have undergone the procedure despite the existence of such risks (*see Wilson-Toby v Bushkin*, 72 AD3d 810, 811 [2010]). As the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging dental malpractice and lack of informed consent, denial of their motion was required regardless of the sufficiency of the plaintiffs' opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

As to that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the cause of action alleging dental malpractice, the plaintiffs established prima facie entitlement to judgment as a matter of law through, inter alia, the affirmation of their expert, who opined that the severed nerve suffered by the injured plaintiff could not have occurred unless Oana deviated from accepted dental practice by straying outside the field of surgery (*see Taylor v Quality Dental Group*, 234 AD2d 595, 596 [1996]). However, in opposition, the defendants raised a triable issue of fact through, among other things, the deposition testimony of Oana, who opined that the anatomical position of the lingual nerve may vary, and that wisdom tooth extraction may impact the lingual nerve even if the surgeon does not stray from the field of surgery. Accordingly, the Supreme Court properly denied that branch of the plaintiffs'

cross motion which was for summary judgment on the issue of liability on their cause of action alleging dental malpractice (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Mastro, J.P., Angiolillo, Sgroi and Miller, JJ., concur.