In an action to recover damages for dental malpractice, etc., the defendant Martin Shear appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Marker, J.), dated November 16, 2012, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.
Ordered that the order is affirmed insofar as appealed from, with costs.
In November 2008, the plaintiff Jane C. Dien (hereinafter the *911 injured plaintiff) was referred by her regular treating dentist to the defendant Martin Shear, an endodontist, for root canal treatment, which was performed on December 18, 2008, and January 19, 2009. On May 30, 2009, the injured plaintiffs regular treating dentist noticed a sore or ulcer on the left side of her tongue and referred her to an oral pathologist. On July 13, 2009, the injured plaintiff was seen by an oral pathologist, who performed a biopsy on July 28, 2009, which tested positive for oral squamous cell carcinoma.
The injured plaintiff, and her husband suing derivatively, commenced this action alleging, inter alla, that Shear had deviated from accepted dental practice in failing to properly perform a screening test for oral cancer and failing to diagnose a cancerous lesion and refer her for treatment, thereby contributing to her damages. Following joinder of issue, Shear moved for summary judgment dismissing the complaint insofar as asserted against him.
The requisite elements of proof in a dental or medical malpractice action are a deviation or departure from the accepted standard of care, and evidence that such deviation was a proximate cause of injury or damages (see McGuigan v Centereach Mgt. Group, Inc., 94 AD3d 955, 956 [2012]; Zito v Jastremski, 84 AD3d 1069, 1070 [2011]; Cohen v Kalman, 54 AD3d 307 [2008]).
Shear established his prima facie entitlement to judgment as a matter of law by demonstrating that he did not deviate from accepted dental practice by offering proof that both times he treated the injured plaintiff, he conducted oral screening examinations of her mouth and tongue which revealed that she had no sign, symptom, or indicia of a cancerous condition (see McGuigan v Centereach Mgt. Group, Inc., 94 AD3d at 956; Zito v Jastremski, 84 AD3d at 1070).
In opposition to Shear’s prima facie showing, the plaintiffs submitted affirmations of a physician with experience in the diagnosis and treatment of cancers of the head and neck, and a dentist with experience in the diagnosis of oral cancer and lesions, who opined, based on the injured plaintiffs records and other evidence, that in light of the stage and level of differentiation of the injured plaintiffs tumor at the time of her diagnosis, it was both detectable and diagnosable at the time she was treated by Shear, that he should have referred her for a biopsy, and had he done so, the injured plaintiff would not have required the majority of procedures and treatments that she was then required to undergo. The plaintiffs thereby raised a triable issue of fact as to whether the injured plaintiffs cancer *912 could and should have been detected sooner, and whether that contributed to her damages (see Alvarez v Prospect Hosp., 68 NY2d 320, 324-325 [1986]). Accordingly, the Supreme Court properly denied Shear’s motion. Mastro, J.E, Balkin, Sgroi and LaSalle, JJ, concur.