■ Ruby Chan, Respondent, v Toothsavers Dental Care, Inc., et al., Defendants, and Sol Stolzenberg, D.D.S., Doing Business as Toothsavers, et al., Appellants. [4 NYS3d 59]—

In an action, inter alia, to recover damages for dental malpractice and lack of informed consent, the defendant Jonathan Weiss appeals, as limited by his brief and a stipulation dated December 8, 2014, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated September 19, 2012, as denied that branch of his motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for dental malpractice insofar as asserted against him, and the defendants Sol Stolzenberg, doing business as Toothsavers, and Sol Stolzenberg, individually, separately appeal, as limited by their notice of appeal and brief, from so much of the same order as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Sol Stolzenberg, doing business as Toothsavers.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The plaintiff commenced this action against, among others, the defendant Jonathan Weiss and his alleged employer, the defendant Sol Stolzenberg, doing business as Toothsavers (hereinafter Toothsavers), alleging, inter alia, that Weiss committed dental malpractice by inserting a temporary bridge, and by improperly grinding down her lower teeth to do so, and that he failed to obtain her informed consent for the procedure. Toothsavers and Stolzenberg (hereinafter together the Toothsavers defendants) moved, and Weiss separately moved, for summary judgment dismissing the complaint insofar as asserted against each of them, and the Supreme Court denied the motions.

The Toothsavers defendants contend that because Weiss was an independent contractor, not an employee, they cannot be vicariously liable for Weiss's malpractice. "The general rule is that a party who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligent acts" (*Kleeman v Rheingold*, 81 NY2d 270, 273 [1993]; *see Hill v St. Clare's Hosp.*, 67 NY2d 72, 79 [1986]). "The determination of whether an employer-employee relationship exists turns on whether the alleged employer exercises control over the results produced or, more importantly, the means used to achieve the results" (*Bravo v Vargas*, 113 AD3d 579, 582 [2014]; *see Bynog v Cipriani Group*, 1 NY3d 193, 198 [2003]; *Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725, 726 [1984]). Here, the Toothsavers defendants failed to establish, prima facie, that Weiss was an independent contractor and not a Toothsavers employee. Weiss's deposition testimony, which was submitted by the Toothsavers defendants, presented a triable issue of fact as to whether he was an employee of Toothsavers. Accordingly, the Toothsavers defendants were not entitled to summary judgment dismissing the complaint insofar as asserted against them on this ground.

"To establish a cause of action [to recover damages] for malpractice based on lack of informed consent, [a] plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury" (*Spano v Bertocci*, 299 AD2d 335, 337-338 [2002] [internal quotation marks omitted]; *see*

Public Health Law § 2805-d [1]; *Walker v Saint Vincent Catholic Med. Ctrs.*, 114 AD3d 669, 670 [2014]). Here, the Toothsavers defendants failed to make a prima facie showing of entitlement to judgment as a matter of law dismissing so much of the complaint as sought to recover damages for lack of informed consent insofar as asserted against them. The deposition testimony of the plaintiff and Weiss and the generic consent form signed by the plaintiff presented triable issues of fact as to whether Weiss informed the plaintiff about the procedure, the alternatives thereto, and the reasonably foreseeable risks and benefits of the proposed treatment and the alternatives (*see Walker v Saint Vincent Catholic Med. Ctrs.*, 114 AD3d at 670-671; *Kozlowski v Oana*, 102 AD3d 751, 753 [2013]; *Barnett v Fashakin*, 85 AD3d 832, 835-836 [2011]; *Rezvani v Somnay*, 65 AD3d 537, 538-539 [2009]). Accordingly, the Supreme Court properly denied that branch of the motion of the Toothsavers defendants which was for summary judgment dismissing so much of the complaint as sought to recover damages for lack of informed consent insofar as asserted against them.

In a dental malpractice action, the requisite elements of proof are a deviation or departure from accepted standards of dental practice, and that such departure was a proximate cause of the plaintiff's injuries (*see Kozlowski v Oana*, 102 AD3d at 752; *McGuigan v Centereach Mgt. Group, Inc.*, 94 AD3d 955, 956 [2012]; *Zito v Jastremski*, 84 AD3d 1069, 1070 [2011]). "A defendant moving for summary judgment has the initial burden of establishing that he or she did not depart from good and accepted practice, or if there was such a departure, that it was not a proximate cause of the plaintiff's injuries" (*Kozlowski v Oana*, 102 AD3d at 752-753). Here, Weiss and the Toothsavers defendants established, prima facie, that Weiss did not depart from good and accepted practice by inserting a temporary bridge, and by grinding down the plaintiff's teeth to do so, as part of a treatment plan for treating the plaintiff's periodontal disease. However, in opposition, the plaintiff raised a triable issue of fact as to a departure by submitting the affirmation of an expert, who opined that Weiss deviated from good and accepted dental practice in performing a procedure that was unnecessary to treat the plaintiff's periodontal disease. Accordingly, the Supreme Court properly denied those branches of the respective motions of Weiss and the Toothsavers defendants which were for summary judgment dismissing so much of the complaint as sought to recover damages for dental malpractice insofar as asserted against them (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Leventhal, J.P., Hall, Austin and Sgroi, JJ., concur.