■ JACOB LAVI et al., Appellants, v NYU HOSPITALS CENTER, Doing Business as NYU LANGONE MEDICAL CENTER AT GREAT NECK, et al., Respondents. [21 NYS3d 143]—

In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), entered February 27, 2014, as granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging medical malpractice and lack of informed consent.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging lack of informed consent, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs, Jacob Lavi (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this action against the defendants, Barry Schuval, an endocrinologist, and NYU Hospitals Center, doing business as NYU Langone Medical Center at Great Neck, the practice with which Schuval is associated. The plaintiffs allege that Schuval was negligent in prescribing testosterone replacement therapy to the injured plaintiff, who was later diagnosed with prostate cancer. The plaintiffs further alleged that Schuval failed to inform the injured plaintiff of the risks, hazards, and alternatives to the therapy, which prevented him from giving informed consent. The Supreme Court granted the defendants' motion for sum-

mary judgment dismissing the complaint, and the plaintiffs appeal from so much of the order as dismissed the causes of action alleging medical malpractice and lack of informed consent.

The defendants met their prima facie burden of establishing their entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice by submitting the affidavit of their expert, an endocrinologist, which demonstrated that Schuval's treatment of the injured plaintiff's low testosterone condition through testosterone replacement therapy was performed in accordance with good and accepted standards of medical practice (*see Tsimbler v Fell*, 123 AD3d 1009, 1009-1010 [2014]; *Poter v Adams*, 104 AD3d 925, 926 [2013]). In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' expert, who specialized in pathology, did not mention in his affidavit whether he had any specific training or expertise in endocrinology or particularized knowledge with regard to testosterone replacement therapy. Moreover, he did not indicate that he had familiarized himself with the relevant literature or otherwise set forth how he was, or became, familiar with the applicable standards of care in this specialized area of practice. " 'While it is true that a medical expert need not be a specialist in a particular field in order to testify regarding accepted practices in that field . . . the witness nonetheless should be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the opinion rendered is reliable' " (*Behar v Coren*, 21 AD3d 1045, 1046-1047 [2005], quoting *Postlethwaite v United Health Servs. Hosps.*, 5 AD3d 892, 895 [2004]; *see Shectman v Wilson*, 68 AD3d 848, 849-850 [2009]). Thus, where a physician provides an opinion beyond his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered (*see Romano v Stanley*, 90 NY2d 444, 451-452 [1997]; *Tsimbler v Fell*, 123 AD3d at 1009-1010; *Shectman v Wilson*, 68 AD3d at 849-850; *Mustello v Berg*, 44 AD3d 1018, 1019 [2007]; *Behar v Coren*, 21 AD3d at 1046-1047). In the circumstances of this case, as the plaintiff's expert failed to lay the requisite foundation for his asserted familiarity with endocrinology and testosterone replacement therapy, his affidavit was of no probative value. Thus, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice.

The Supreme Court erred, however, in granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging lack of informed consent.

A cause of action alleging a lack of informed consent "is meant to redress a 'failure of the person providing the professional treatment or diagnosis to disclose to the patient such alternatives thereto and the reasonably foreseeable risks and benefits involved as a reasonable medical . . . practitioner under similar circumstances would have disclosed, in a manner permitting the patient to make a knowledgeable evaluation'" (*Karlin v IVF Am.*, 93 NY2d 282, 292 [1999], quoting Public Health Law § 2805-d [1]; *see Walker v Saint Vincent Catholic Med. Ctrs.*, 114 AD3d 669, 670 [2014]). "To establish a cause of action [to recover damages] for malpractice based on lack of informed consent, [a] plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury" (*Spano v Bertocci*, 299 AD3d 335, 337-338 [2002] [internal quotation marks omitted]; *see* Public Health Law § 2805-d [1]; *see also Chan v Toothsavers Dental Care, Inc.*, 125 AD3d 712, 713 [2015]; *Walker v Saint Vincent Catholic Med. Ctrs.*, 114 AD3d at 670). Here, Schuval's deposition testimony established that he informed the injured plaintiff about the risks, benefits, and alternatives of the treatment. However, the defendants also included with their motion papers the injured plaintiff's deposition testimony, in which he testified that the doctor never explained the risks and/or benefits of the medications, whether there were any alternatives, or whether there were any side effects. Since the defendants' submissions included the injured plaintiff's deposition testimony, they failed to establish, prima facie, that there were no triable issues of fact with respect to the cause of action alleging lack of informed consent (*see Thaw v North Shore Univ. Hosp.*, 129 AD3d 937 [2015]; *Barnett v Fashakin*, 85 AD3d 832, 836 [2011]). Any conflicts in the testimony merely raised an issue of fact for the factfinder to resolve (*see Zapata v Buitriago*, 107 AD3d 977, 979 [2013]). Dillon, J.P., Sgroi, Cohen and LaSalle, JJ., concur.