(May 18, 2016)

■ Bianca Alongi, Respondent, v Steven J. Sutter, Appellant, et al., Defendant. [30 NYS3d 569]—

In an action, inter alia, to recover damages for dental malpractice, the defendant Steven J. Sutter appeals from so much of an order of the Supreme Court, Suffolk County (Asher, J.), dated July 23, 2014, as denied that branch of his motion which was for summary judgment dismissing the cause of action to recover damages for dental malpractice insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

"The requisite elements of proof in a dental malpractice ac-

tion are a deviation or departure from accepted standards of dental practice, and that such departure was a proximate cause of the plaintiff's injuries" (*McGuigan v Centereach Mgt. Group, Inc.*, 94 AD3d 955, 956 [2012]; *see Zito v Jastremski*, 84 AD3d 1069, 1070 [2011]). "A defendant moving for summary judgment has the initial burden of establishing that he or she did not depart from good and accepted practice, or if there was such a departure, that it was not a proximate cause of the plaintiff's injuries" (*Kozlowski v Oana*, 102 AD3d 751, 752-753 [2013]; *see Sharp v Weber*, 77 AD3d 812, 814 [2010]).

Here, the defendant Steven J. Sutter met his burden of establishing, prima facie, his entitlement to judgment as a matter of law dismissing the cause of action to recover damages for dental malpractice insofar as asserted against him by showing that he did not depart from good and accepted dental practice (*see Chan v Toothsavers Dental Care, Inc.*, 125 AD3d 712, 714 [2015]). However, in opposition, the plaintiff raised a triable issue of fact as to whether Sutter departed from the applicable standard of care (*see id.*). Accordingly, the Supreme Court properly denied that branch of Sutter's motion which was for summary judgment dismissing the cause of action to recover damages for dental malpractice insofar as asserted against him. Mastro, J.P., Chambers, Dickerson and Connolly, JJ., concur.