■ JOSEPH KLEINMAN, Appellant, v NORTH SHORE UNIVERSITY HOSPITAL et al., Respondents. [48 NYS3d 455]—

In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated December 15, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

On April 30, 2009, the plaintiff consulted the defendant George DeNoto regarding a large recurrent incisional hernia. DeNoto recommended surgery. On June 30, 2009, the plaintiff presented to the defendant North Shore University Hospital (hereinafter North Shore) complaining of increased abdominal pain. After obtaining the plaintiff's consent, DeNoto performed a complex, five-hour surgery on the plaintiff the following day, and the plaintiff was initially in stable condition after surgery.

On July 3, 2009, at approximately 11:30 p.m., the plaintiff developed respiratory distress, and the medical records show that a "probable early abdominal compartment syndrome" (hereinafter ACS) was suspected. A rapid response team was called, the plaintiff was intubated, aggressive diuresis was performed, and the plaintiff was transferred to the surgical intensive care unit. He remained intubated until July 11, 2009, and was discharged in stable condition six days later.

The plaintiff then commenced the instant action to recover damages for medical malpractice and lack of informed consent, alleging, inter alia, that he sustained various injuries as a result of the defendants' failure timely to diagnose and treat his ACS, and failure to inform him of the risks and benefits of the procedures and treatments performed. Following discovery, the defendants moved for summary judgment dismissing the complaint, and the plaintiff opposed the motion. The Supreme Court granted the defendants' motion, and we reverse.

With respect to the cause of action alleging medical malpractice, the defendants failed to establish their prima facie entitlement to judgment as a matter of law. Specifically, in response to the plaintiff's allegation that the defendants negligently failed to diagnose and treat his ACS, the defendants' expert, a board certified surgeon, opined that the plaintiff "never had ACS while admitted to North Shore in July 2009" and that a diagnosis of ACS had been "completely ruled out as the cause of [the plaintiff's] problems by 9 a.m. on July 4th." As the plaintiff correctly points out, however, the expert's opinion is contradicted by medical records from July 4, July 6, and July 9, 2009, as well as the plaintiff's discharge summary, which was electronically signed by DeNoto himself on May 27, 2010, all of which refer to the plaintiff as having ACS. Accordingly, the defendants' expert opinion was insufficient to establish the defendants' prima facie entitlement to judgment as a matter of law dismissing the medical malpractice cause of action, and that branch of the motion should have been denied regardless of the sufficiency of the plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Smalls v Mercy Med. Ctr., 50 AD3d 670, 671 [2008]).

We reach the same conclusion with respect to the cause of action alleging lack of informed consent. "[L]ack of informed consent is a distinct cause of action [which requires] proof of facts not contemplated by an action based merely on allegations of negligence" (Jolly v Russell, 203 AD2d 527, 528 [1994]; see Walker v Saint Vincent Catholic Med. Ctrs., 114 AD3d 669, 670 [2014]). A cause of action predicated on a lack of informed consent "is meant to redress a failure of the person providing the professional treatment or diagnosis to disclose to the patient such alternatives thereto and the reasonably foreseeable risks and benefits involved as a reasonable medical . . . practitioner under similar circumstances would have disclosed, in a manner permitting the patient to make a knowledgeable evaluation" (Karlin v IVF Am., 93 NY2d 282, 292 [1999] [internal quotation marks omitted]; Walker v Saint Vincent Catholic Med. Ctrs., 114 AD3d at 670).

Here, the defendants' expert opined only that "Dr. DeNoto properly advised [the plaintiff] that he was at increased risk for post-operative pulmonary complaints and obtained [the plaintiff's] informed consent in that regard." Such a conclusory opinion fails, among other things, to aver that the consent obtained from the plaintiff complied with the prevailing standard for such disclosure applicable to reasonable practitioners performing the same kind of surgery, and that a reasonably prudent person in the plaintiff's position would not have declined to undergo the procedure if he or she had been fully informed (*see Walker v Saint Vincent Catholic Med. Ctrs.*, 114 AD3d at 671). Moreover, the defendants' moving papers included the plaintiff's deposition testimony in which he stated, inter alia, that DeNoto never discussed alternative surgical procedures with him, or any of the risks associated with the proposed surgery.

Under the circumstances of this case, the evidence submitted by the defendants was insufficient to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging lack of informed consent (*see Lavi v NYU Hosps. Ctr.*, 133 AD3d 830 [2015]; *Walker v Saint Vincent Catholic Med. Ctrs.*, 114 AD3d at 671), and that branch of their motion should have been denied regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853; *Smalls v Mercy Med. Ctr.*, 50 AD3d at 671). Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.