■ DENISE MATHIAS, Respondent, v MARIO JOSEPH CAPUANO, D.D.S., et al., Appellants. [60 NYS3d 327]—

In an action to recover damages for dental malpractice and lack of informed consent, the defendants separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated November 5, 2015, as denied their separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff commenced this action against Eugene G. Herman and Mario Joseph Capuano alleging, inter alia, that Herman committed dental malpractice by negligently and unnecessarily extracting her wisdom tooth and that Capuano

committed dental malpractice by negligently performing surgery to remove a root remnant from the extraction site. She further alleged that Herman and Capuano failed to obtain her informed consent for the respective procedures. Herman and Capuano separately moved for summary judgment dismissing the complaint insofar as asserted against each of them, and the Supreme Court denied the motions. The defendants separately appeal.

A plaintiff in a dental malpractice action must establish that the defendant departed from good and accepted dental practice and that such departure was a proximate cause of the plaintiff's injuries (*see Chan v Toothsavers Dental Care, Inc.*, 125 AD3d 712, 714 [2015]; *Cohen v Kalman*, 54 AD3d 307, 307 [2008]). "Consequently, on a motion for summary judgment, the defendant dentist has the initial burden of establishing either that he or she did not depart from good and accepted practice, or if there was such a departure, that it was not a proximate cause of the plaintiff's injuries" (*Koi Hou Chan v Yeung*, 66 AD3d 642, 642 [2009], *see Zito v Jastremski*, 84 AD3d 1069, 1070 [2011]). In order to sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars (*see Koi Hou Chan v Yeung*, 66 AD3d at 643; *Terranova v Finklea*, 45 AD3d 572, 572 [2007]).

Here, Herman failed to demonstrate his prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging dental malpractice insofar as asserted against him because he failed to tender sufficient evidence to eliminate all triable issues of fact and did not rebut all of the specific allegations of malpractice set forth in the plaintiff's bills of particulars (*see Zapata v Buitriago*, 107 AD3d 977, 978 [2013]; *Wall v Flushing Hosp. Med. Ctr.*, 78 AD3d 1043, 1045 [2010]; *Terranova v Finklea*, 45 AD3d at 573; *Ward v Engel*, 33 AD3d 790, 791 [2006]). Similarly, Capuano failed to rebut all of the specific allegations of malpractice set forth in the plaintiff's bills of particulars and, consequently, did not demonstrate that he was entitled to summary judgment dismissing the cause of action alleging dental malpractice insofar as asserted against him (*see Zapata v Buitriago*, 107 AD3d at 978; *Wall v Flushing Hosp. Med. Ctr.*, 78 AD3d at 1045; *Terranova v Finklea*, 45 AD3d at 573; *Ward v Engel*, 33 AD3d at 791).

"To establish a cause of action to recover damages for malpractice based on lack of informed consent, a plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the

patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the actual procedure performed for which there was no informed consent was the proximate cause of the injury" (*Schussheim v Barazani*, 136 AD3d 787, 789 [2016]; *see* Public Health Law § 2805-d; *Giammarino v Carlo*, 144 AD3d 1086, 1086 [2016]; *Johnson v Staten Is. Med. Group*, 82 AD3d 708, 709 [2011]). "The mere fact that the plaintiff signed a consent form does not establish the defendants' prima facie entitlement to judgment as a matter of law" (*Schussheim v Barazani*, 136 AD3d at 789).

Here, both Herman and Capuano failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging lack of informed consent. Although Herman and Capuano each submitted a consent form signed by the plaintiff for the respective procedures, they also submitted, in support of their respective motions, the plaintiff's deposition testimony, which revealed factual disputes as to whether the plaintiff was properly advised before signing each of the forms (*see id.*; *Lavi v NYU Hosps. Ctr.*, 133 AD3d 830, 832 [2015]; *Chan v Toothsavers Dental Care, Inc.*, 125 AD3d at 714).

Accordingly, the Supreme Court properly denied Herman's and Capuano's motions for summary judgment, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The parties' remaining contentions are academic in light of our determination. Rivera, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.