PAUL DYCKES, Appellant, v RICHARD STABILE et al., Defendants, and ANTHONY MARESCA, Respondent. [61 NYS3d 110]—

In an action to recover damages for dental malpractice and lack of informed consent, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated April 9, 2015, as granted the motion of the defendant Anthony Maresca for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Anthony Maresca for summary judgment dismissing the complaint insofar as asserted against him is denied.

In 2002, the plaintiff began treatment with the defendant Anthony Maresca (hereinafter the defendant), an orthodontist, to reposition and bring into place an impacted tooth. The treatment, which included the plaintiff wearing braces, lasted until 2010. At the conclusion of the treatment, the plaintiff allegedly suffered, inter alia, bone loss and root resorption, and he faces the possible extraction of five teeth.

The plaintiff commenced this action against the defendant and others to recover damages for dental malpractice and lack of informed consent. The defendant moved for summary judgment dismissing the complaint insofar as asserted against him. In an order dated April 9, 2015, the Supreme Court granted the defendant's motion, and the plaintiff appeals from that portion of the order. We reverse the order insofar as appealed from.

The Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging dental malpractice insofar as asserted against him. The requisite elements of proof in a dental malpractice action are a deviation or departure from ac-

cepted standards of dental practice, and that such departure was a proximate cause of the plaintiff's injuries (*see Alongi v Sutter*, 139 AD3d 887, 887-888 [2016]; *Chan v Toothsavers Dental Care, Inc.*, 125 AD3d 712, 714 [2015]; *Kozlowski v Oana*, 102 AD3d 751, 752 [2013]; *Koi Hou Chan v Yeung*, 66 AD3d 642 [2009]). A defendant moving for summary judgment has the initial burden of establishing that he or she did not depart from good and accepted practice, or if there was such a departure, that it was not a proximate cause of the plaintiff's injuries (*see Alongi v Sutter*, 139 AD3d at 888; *Bongiovanni v Cavagnuolo*, 138 AD3d 12, 16 [2016]; *LaVecchia v Bilello*, 76 AD3d 548 [2010]; *Koi Hou Chan v Yeung*, 66 AD3d at 642).

Here, the defendant met his burden of establishing, prima facie, his entitlement to judgment as a matter of law dismissing the cause of action alleging dental malpractice insofar as asserted against him by showing that he did not depart from good and accepted dental practice (*see Alongi v Sutter*, 139 AD3d at 888; *Chan v Toothsavers Dental Care, Inc.*, 125 AD3d at 714). However, in opposition, the plaintiff, through the submission of his expert's affidavit, raised a triable issue of fact as to whether the defendant departed from the applicable standard of care (*see Alongi v Sutter*, 139 AD3d at 888; *Chan v Toothsavers Dental Care, Inc.*, 125 AD3d at 714). In this regard, the Supreme Court wrongly concluded that the plaintiff's expert was not qualified. Generally, a court is limited to the issues or defenses that are the subject of the summary judgment motion (*see Rosenblatt v St. George Health & Racquetball Assoc., LLC*, 119 AD3d 45, 52 [2014]; *Quizhpe v Luvin Constr.*, 70 AD3d 912, 914 [2010]). The defendant, in reply, did not challenge the plaintiff's expert's qualifications. In any event, the plaintiff's expert, a dentist duly licensed to practice dentistry in New York and a Diplomate of the American Board of Orthodontics, was qualified to render an opinion regarding the defendant's alleged departures from good and accepted medical, dental, and orthopedic practice (*see Fritz v Burman*, 107 AD3d 936, 941 [2013]; *Joyner-Pack v Sykes*, 54 AD3d 727, 729 [2008]).

Further, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against him. "Lack of informed consent is a distinct cause of action which requires proof of facts not contemplated by an action based merely on allegations of negligence" (*Kleinman v North Shore Univ. Hosp.*, 148 AD3d 693, 694 [2017] [internal quotation marks and brackets omit-

ted]). "A cause of action predicated on a lack of informed consent is meant to redress a failure of the person providing the professional treatment or diagnosis to disclose to the patient such alternatives thereto and the reasonably foreseeable risks and benefits involved as a reasonable medical . . . practitioner under similar circumstances would have disclosed, in a manner permitting the patient to make a knowledgeable evaluation" (*id.* at 694 [internal quotation marks omitted]; *see* Public Health Law § 2805-d [1]; *Figueroa-Burgos v Bieniewicz*, 135 AD3d 810 [2016]; *Tsimbler v Fell*, 123 AD3d 1009, 1010 [2014]; *Walker v Saint Vincent Catholic Med. Ctrs.*, 114 AD3d 669, 670 [2014]). To establish a cause of action to recover damages for malpractice based on lack of informed consent, a plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury (*see Figueroa-Burgos v Bieniewicz*, 135 AD3d at 811; *Tsimbler v Fell*, 123 AD3d at 1010; *Walker v Saint Vincent Catholic Med. Ctrs.*, 114 AD3d at 670).

Here, the defendant failed to submit proof sufficient to establish, prima facie, that he had informed the plaintiff of the reasonably foreseeable risks associated with the treatment, and, in any event, that a reasonably prudent patient in the same position would have undergone the treatment if he or she had been fully informed (*see Tsimbler v Fell*, 123 AD3d at 1010; *Walker v Saint Vincent Catholic Med. Ctrs.*, 114 AD3d at 670). The deposition testimony that the defendant submitted in support of his motion demonstrates that there is a factual dispute as to whether, in accordance with Public Health Law § 2805-d (1), the defendant informed the plaintiff of any of the foreseeable risks, benefits, or alternatives to the treatment undertaken (*see Schussheim v Barazani*, 136 AD3d 787, 789 [2016]; *Lavi v NYU Hosps. Ctr.*, 133 AD3d 830, 832 [2015]; *Koi Hou Chan v Yeung*, 66 AD3d at 643-644). Since the defendant failed to eliminate all triable issues of fact, the Supreme Court should have denied that branch of his motion which was for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against him, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera,

J.P., Leventhal, Austin and Christopher, JJ., concur. ▮