Silveri v Glaser (2018 NY Slip Op 08168)





Silveri v Glaser


2018 NY Slip Op 08168


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-04454
 (Index No. 1195/13)

[*1]Lee Silveri, appellant, 
v
Sigalit Glaser, etc., et al., respondents.


Lutfy & Santora, Staten Island, NY (James L. Lufty and Joseph Santora of counsel), for appellant.
Fumuso, Kelly, Swart, Farrell, Polin & Christesen LLP, Hauppauge, NY (Scott G. Christesen and Michelle C. Acosta of counsel), for respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Judy C. Selmeci of counsel), for respondents Samuel Horowitz, Implant Center of Rockland, Inc., and Implant, Cosmetic & General Dentistry of Rockland.



DECISION & ORDER
In an action, inter alia, to recover damages for dental malpractice, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Victor J. Alfieri, Jr., J.), entered February 8, 2016. The judgment, insofar as appealed from, upon an order of the same court entered November 25, 2015, granting the motion of the defendant Sigalit Glaser and the separate motion of the defendants Samuel Horowitz, Implant Center of Rockland, Inc., and Implant, Cosmetic & General Dentistry of Rockland for summary judgment dismissing the complaint insofar as asserted against each of them, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is modified, on the law, by (1) deleting the provision thereof dismissing the causes of action alleging dental malpractice and lack of informed consent insofar as asserted against the defendant Sigalit Glaser, (2) deleting the provision thereof dismissing the cause of action alleging dental malpractice insofar as asserted against the defendant Samuel Horowitz, and (3) deleting the provision thereof dismissing the cause of action alleging vicarious
liability insofar as asserted against the defendant Implant, Cosmetic & General Dentistry of Rockland; as so modified, the judgment is affirmed insofar as appealed from, with one bill of costs to the plaintiff, those branches of the motion of the defendant Sigalit Glaser which were for summary judgment dismissing the causes of action alleging dental malpractice and lack of informed consent insofar as asserted against her are denied, those branches of the motion of the defendants Samuel Horowitz, Implant Center of Rockland, Inc., and Implant, Cosmetic & General Dentistry of Rockland which were for summary judgment dismissing the causes of action alleging dental malpractice insofar as asserted against the defendant Samuel Horowitz, and alleging vicarious liability insofar as asserted against the defendant Implant, Cosmetic & General Dentistry of Rockland are denied, and the order is modified accordingly.
The plaintiff commenced this action, inter alia, to recover damages for dental [*2]malpractice against the defendants Sigalit Glaser and Samuel Horowitz (hereinafter together the dentists), the defendant Implant, Cosmetic & General Dentistry of Rockland (hereinafter ICGDR), by whom the dentists were employed, and the defendant Implant Center of Rockland, Inc. (hereinafter ICR). The plaintiff alleged that the dentists departed from accepted standards of dental practice when they extracted his wisdom tooth, that they failed to obtain his informed consent for the surgery, and that ICR and ICGDR were vicariously liable for the dentists' malpractice. Glaser moved, and Horowitz, ICR, and ICGDR separately moved, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the motions, and entered judgment accordingly. The plaintiff appeals from the judgment.
"It is axiomatic that issue finding rather than issue determination is central to deciding a motion for summary judgment" (Downing v Schreiber, 176 AD2d 781, 782). In determining a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party (see Fagan v Panchal, 77 AD3d 705).
"The requisite elements of proof in a dental malpractice action are a deviation or departure from accepted standards of dental practice, and that such departure was a proximate cause of the plaintiff's injuries" (Sharp v Weber, 77 AD3d 812, 813; see Garcia v Richer, 132 AD3d 809; Cohen v Kalman, 54 AD3d 307). "A defendant moving for summary judgment has the initial burden of establishing that he or she did not depart from good and accepted practice, or if there was such a departure, that it was not a proximate cause of the plaintiff's injuries" (Kozlowski v Oana, 102 AD3d 751, 752-753; see Garcia v Richer, 132 AD3d at 810; Chan v Toothsavers Dental Care, Inc., 125 AD3d 712; Sharp v Weber, 77 AD3d at 814). "To sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars" (Zito v Jastremski, 84 AD3d 1069, 1070; see Mathias v Capuano, 153 AD3d 698; Koi Hou Chan v Yeung, 66 AD3d 642). To defeat summary judgment, the nonmoving party need only raise a triable issue of fact with respect to the element of the cause of action or theory of nonliability that is the subject of the moving party's prima facie showing (see Stukas v Streiter, 83 AD3d 18, 23-24; Zito v Jastremski, 84 AD3d at 1070-1071). However, mere conclusory allegations of malpractice, unsupported by competent evidence tending to establish the elements of the claim at issue, are insufficient to defeat summary judgment (see Alvarez v Prospect Hosp., 68 NY2d 320, 325; Zito v Jastremski, 84 AD3d at 1071).
Here, the dentists and ICGDR demonstrated their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging dental malpractice and vicarious liability insofar as asserted against them. Their experts' affidavits, submitted in support of their motions, established that the dentists did not depart from good and accepted dental practice when they treated the plaintiff, and, in any event, that their treatment was not a proximate cause of his alleged injuries (see Garcia v Richer, 132 AD3d at 809; Chan v Toothsavers Dental Care, Inc., 125 AD3d at 714). However, in opposition to the motions, the plaintiff's expert affirmation raised a triable issue of fact with respect to the causes of action alleging dental malpractice and vicarious liability (see Alvarez v Prospect Hosp., 68 NY2d at 325; Chan v Toothsavers Dental Care, Inc., 125 AD3d at 713; Kozlowski v Oana, 102 AD3d at 753; Del Bene v Frank C. Perry, DDS, P.C., 83 AD3d 771; Darwick v Paternoster, 56 AD3d 714; Singh v Boodhoo, 17 AD3d 345). Accordingly, those branches of the separate motions should have been denied.
Additionally, since Glaser's submissions included the plaintiff's deposition transcript, in which the plaintiff testified that Glaser never explained the risks of the surgery or whether there were any alternatives, Glaser failed to establish, prima facie, that there were no triable issues of fact with respect to the lack of informed consent cause of action insofar as asserted against her (see Godel v Benjy Goldstein and George Freud, D.D.S., PLLC, 155 AD3d 939; Mathias v Capuano, 153 AD3d at 698; Dyckes v Stabile, 153 AD3d 783; Lavi v NYU Hosps. Ctr., 133 AD3d 830; Koi Hou Chan v Yeung, 66 AD3d at 643-644). Accordingly, the Supreme Court should have denied that branch of Glaser's motion which was for summary judgment dismissing the lack of informed consent cause of action insofar as asserted her.
Horowitz established, prima facie, that he was under no obligation to obtain the plaintiff's informed consent (see Tibodeau v Keeley, 208 AD2d 610) and, in opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant that branch of the motion which was for summary judgment dismissing the lack of informed consent cause of action insofar as asserted against Horowitz.
ICR established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging vicarious liability by its submissions, which demonstrated that it is not a dental practice, it is a corporation established for the purpose of purchasing dental supplies, that it had no employees, and that it had no patients. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant that branch of the motion which was for summary judgment dismissing the cause of action alleging vicarious liability insofar as asserted against ICR.
MASTRO, J.P., SGROI, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court