Glassman v Caremount Med., P.C. (2024 NY Slip Op 02043)

Glassman v Caremount Med., P.C.

2024 NY Slip Op 02043

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2020-07529
 (Index No. 51964/18)

[*1]Donna Glassman, etc., appellant, 
v
Caremount Medical, P.C., et al., respondents.

Law Offices of Michael H. Joseph, PLLC, White Plains, NY (Clifford S. Nelson of counsel), for appellant.
Martin Clearwater & Bell LLP, New York, NY (Michael N. Romano of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated September 1, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross-motion for summary judgment on the issue of liability.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendants' motion for summary judgment dismissing the complaint, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.
In February 2018, the plaintiff, individually and as the administrator of the estate of her husband, Gary J. Glassman (hereinafter the decedent), commenced this action, inter alia, to recover damages for medical malpractice and wrongful death. As amplified by the bill of particulars, the plaintiff alleged, among other things, that the decedent died from sepsis on June 4, 2016, and that the decedent's death was proximately caused by the defendants' failure to make an accurate diagnosis and by the defendants' discharge of the decedent from an urgent care facility when the decedent was not medically stable. Thereafter, the defendants moved for summary judgment dismissing the complaint. The plaintiff cross-moved for summary judgment on the issue of liability. In an order dated September 1, 2020, the Supreme Court granted the defendants' motion and denied the plaintiff's cross-motion. The plaintiff appeals.
"A defendant seeking summary judgment in a medical malpractice action must establish, prima facie, that he or she did not deviate from accepted standards of medical care or that, in any event, his or her acts were not a proximate cause of any injury to the plaintiff" (Lopresti v Alzoobaee, 217 AD3d 759, 760; see Stukas v Streiter, 83 AD3d 18, 24). "'A defendant moving for summary judgment in a medical malpractice case must demonstrate the absence of any material issues of fact with respect to at least one of these elements'" (Ciceron v Gulmatico, 220 AD3d 731, 734, quoting DiLorenzo v Zaso, 148 AD3d 1111, 1112). "To meet that burden, a defendant must submit in admissible form factual proof, generally consisting of affidavits, deposition testimony and [*2]medical records, to rebut the claim of malpractice" (Carroll v Niagara Falls Mem. Med. Ctr., 218 AD3d 1373, 1374 [internal quotation marks omitted]).
Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint through the submission of an affirmation of their medical expert, Charles L. Bardes, and a transcript of the deposition testimony of the defendant Melissa Weintraub. In his affirmation, Bardes relied upon Weintraub's testimony that prior to discharging the decedent from the urgent care facility, she informed the decedent that he was suffering from cellulitis, a life-threatening infection which could lead to sepsis, and that he needed to be hospitalized, but that the decedent refused to go to the hospital. Based upon Weintraub's testimony, Bardes opined that Weintraub satisfied the accepted standards of medical care by informing the decedent of the risk of death and the need to go to the hospital, and that Weintraub did not depart from the accepted standards of medical care by discharging the decedent when he refused to go to the hospital. However, Weintraub's written assessment regarding the decedent's visit to the urgent care facility, which was submitted with the defendants' motion papers, did not indicate that Weintraub informed the decedent of the risk of sepsis, that there was a risk of death due to the decedent's infection, or that it was necessary for the decedent to be hospitalized. Rather, the written assessment stated that Weintraub "feel[s the decedent] would be best served being evaluated in the hospital but he refuses that," and that the decedent was discharged with an antibiotic and instructions to follow up within the next 48 to 72 hours." Thus, the defendants' evidentiary submissions failed to eliminate triable issues of fact regarding the information and degree of urgency relayed by Weintraub to the decedent, and thus, as to the basis for Bardes's expert opinion (see Kleinman v North Shore Univ. Hosp., 148 AD3d 693, 694; Leonard v Kinney Sys., 199 AD2d 470, 472-473). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Furthermore, the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law on the issue of liability by eliminating triable issues of fact as to whether the decedent was made aware of the life-threatening nature of his condition and the need to go to the hospital. Therefore, the Supreme Court properly denied the plaintiff's cross-motion for summary judgment on the issue of liability, without regard to the sufficiency of the defendants' opposition papers (see id. at 324).
In light of our determination, we need not reach the parties' remaining contentions.
DUFFY, J.P., WOOTEN, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court