■ Cheryl Schussheim, Appellant, v Lance Barazani, M.D., et al., Respondents. [24 NYS3d 756]—

In an action to recover damages for medical malpractice and

lack of informed consent, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Diamond, J.), dated September 30, 2013, which granted the defendants' motion for summary judgment dismissing the complaint and, in effect, denied, as academic, the plaintiff's cross motion for summary judgment on the issue of liability, and (2), as limited by her brief, from so much of an order of the same court dated February 24, 2014, as, upon reargument, adhered to the determination in the order dated September 30, 2013.

Ordered that the appeal from the order dated September 30, 2013, is dismissed, without costs or disbursements, as that order was superseded by the order dated February 24, 2014, made upon reargument; and it is further,

Ordered that the order dated February 24, 2014, is modified, on the law, (1) by deleting the provision thereof, upon reargument, adhering to the determination in the order dated September 30, 2013, granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging lack of informed consent, and substituting therefor a provision, upon reargument, vacating the determination in the order dated September 30, 2013, granting that branch of the defendants' motion, and thereupon denying that branch of the defendants' motion, and (2) by deleting the provision thereof, upon reargument, adhering to the determination in the order dated September 30, 2013, denying, as academic, that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging lack of informed consent, and substituting therefor a provision, upon reargument, vacating the determination in the order dated September 30, 2013, denying, as academic, that branch of the plaintiff's cross motion, and thereupon denying that branch of the plaintiff's cross motion on the merits; as so modified, the order dated February 24, 2014, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action against the defendant Lance Barazani and the dermatology practice where he was employed, the defendant Advanced Dermatology, P.C. The plaintiff alleged, inter alia, that Barazani committed medical malpractice by improperly prescribing a topical cream to treat a nodular basal cell carcinoma on her left cheek, and then performing an unnecessary and premature biopsy on her left cheek, which left a scar. The plaintiff also alleged that Barazani failed to obtain her informed consent for the biopsy. The defendants moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judg-

ment on the issue of liability. The Supreme Court, inter alia, granted the defendants' motion for summary judgment. The plaintiff moved to reargue, and upon reargument, the court adhered to its prior determination. The plaintiff appeals.

To establish a cause of action to recover damages for malpractice based on lack of informed consent, a plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the actual procedure performed for which there was no informed consent was the proximate cause of the injury (see Public Health Law § 2805-d [1]; *Figueroa-Burgos v Bieniewicz*, 135 AD3d 810 [2d Dept 2016]; *Guctas v Pessolano*, 132 AD3d 632, 634 [2015]; *Walker v Saint Vincent Catholic Med. Ctrs.*, 114 AD3d 669, 670 [2014]; *Spano v Bertocci*, 299 AD2d 335, 337-338 [2002]).

Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging lack of informed consent. The mere fact that the plaintiff signed a consent form does not establish the defendants' prima facie entitlement to judgment as a matter of law (see *Walker v Saint Vincent Catholic Med. Ctrs.*, 114 AD3d at 670-671; *Kozlowski v Oana*, 102 AD3d 751, 753 [2013]; *Wilson-Toby v Bushkin*, 72 AD3d 810, 811 [2010]; *Rezvani v Somnay*, 65 AD3d 537, 538-539 [2009]). The consent form provided by the defendants and signed by the plaintiff warned generally that there was a risk of scarring after the biopsy was conducted. However, the deposition testimony of the plaintiff and Barazani, which was submitted by the defendants in support of their motion, revealed a factual dispute as to whether Barazani properly advised the plaintiff of the risk of scarring before she signed the form (see *Thaw v North Shore Univ. Hosp.*, 129 AD3d 937, 939 [2015]; *Chan v Toothsavers Dental Care, Inc.*, 125 AD3d 712, 714 [2015]; *Kelley v Kingsbrook Jewish Med. Ctr.*, 100 AD3d 600, 601 [2012]; *Barnett v Fashakin*, 85 AD3d 832, 835-836 [2011]). The defendants also failed to establish, prima facie, that if the plaintiff had received full disclosure, she still would have consented to the procedure (see *Thaw v North Shore Univ. Hosp.*, 129 AD3d at 939; *Rivera v Albany Med. Ctr. Hosp.*, 119 AD3d 1135, 1138 [2014]; *Muniz v Katlowitz*, 49 AD3d 511 [2008]; *Baez v Lockridge*, 259 AD2d

573 [1999]). Accordingly, the defendants failed to eliminate all triable issues of fact, and the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging lack of informed consent, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Since there are questions of fact on the issue of lack of informed consent, the plaintiff was not entitled to summary judgment on the issue of liability on that cause of action.

The elements of a cause of action for medical malpractice include "a deviation or departure from accepted standard of care and evidence that the deviation or departure was a proximate cause of injury or damage" (*Arocho v D. Kruger, P.A.*, 110 AD3d 749, 750 [2013]; *see Gillespie v New York Hosp. Queens*, 96 AD3d 901 [2012]; *Hamilton v Good Samaritan Hosp. of Suffern, N.Y.*, 73 AD3d 697 [2010]). To prevail on a motion for summary judgment in a medical malpractice action, the defendant must "make a prima facie showing either that there was no departure from accepted medical practice, or that any departure was not a proximate cause of the patient's injuries" (*Matos v Khan*, 119 AD3d 909, 910 [2014]). In response, the plaintiff need only raise an issue of fact regarding "the element or elements on which the defendant has made its prima facie showing" (*Mitchell v Grace Plaza of Great Neck, Inc.*, 115 AD3d 819, 819 [2014]; *see Stukas v Streiter*, 83 AD3d 18 [2011]).

Here, the defendants established, prima facie, through Barazani's deposition testimony and their expert affidavit, that Barazani did not depart from good and accepted medical practice by prescribing a topical cream to the plaintiff to treat her nodular basal cell carcinoma after she opted out of surgery to treat it, and that Barazani did not cause the plaintiff's alleged injuries by prescribing the topical cream (*see generally Smith v Agnant*, 131 AD3d 463, 466-467 [2015]; *Monzon v Brown*, 130 AD3d 884, 885 [2015]; *Reilly v Cohen*, 121 AD3d 961, 962 [2014]). The defendants also established, prima facie, that Barazani did not depart from good and accepted medical practice by performing a biopsy on the papule on the plaintiff's left facial cheek on December 2, 2007.

In opposition, the plaintiff failed to raise a triable issue of fact as to whether Barazani departed from the standard of care in prescribing the topical cream, and whether this alleged departure was a proximate cause of the plaintiff's alleged injuries (*see Brinkley v Nassau Health Care Corp.*, 120 AD3d

1287, 1290 [2014]; *Forrest v Tierney*, 91 AD3d 707, 709 [2012]; *Graziano v Cooling*, 79 AD3d 803, 804-805 [2010]; *DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]). The plaintiff's reliance upon recommendations and directives for use of the topical cream promulgated by the Food and Drug Administration (hereinafter the FDA) failed to raise a triable issue of fact because the plaintiff's expert never opined that the FDA recommendations established the applicable standard of care for dermatologists in treating nodular basal cell carcinoma. The plaintiff also failed to raise a triable issue of fact as to whether Barazani performed an unnecessary or premature biopsy. The plaintiff's expert affirmation failed to adequately address the defendants' expert's assertion that the biopsy was necessary to determine whether the papule on the plaintiff's cheek was basal cell carcinoma (*see Berthen v Bania*, 121 AD3d 732, 733 [2014]). The plaintiff's remaining contentions are without merit. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for medical malpractice. Leventhal, J.P., Chambers, Sgroi and Barros, JJ., concur.