In an action to recover damages for dental malpractice and lack of informed consent, the defendants Benjy Goldstein and George Freud, D.D.S., PLLC, and Gary M. Freedman appeal from so much of an order of the Supreme Court, Dutchess County (Rosa, J.), dated September 30, 2015, as denied that branch of their motion, made jointly with the defendant Herbert F. Fenton, which was for summary judgment dismissing the cause of action to recover damages for lack of informed consent insofar as asserted against them, and the defendant Eric K. Oh separately appeals from so much of the same order as denied that branch of his motion which was for summary judgment dismissing the cause of action to recover damages for lack of informed consent insofar as asserted against him.
 

 Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.
 

 The plaintiff commenced this dental malpractice action alleging that the defendants negligently extracted the wrong tooth, and that they failed to obtain her informed consent for the extraction. In 2011, the plaintiff went to the dental office of the defendant Benjy Goldstein and George Freud, D.D.S., PLLC (hereinafter the dental office), where it was discovered that her upper right second premolar, referred to in the dental charts as tooth number four, had an abscess and required root canal therapy. The plaintiff’s insurance company would not pay for the root canal. Extraction was an alternative option, but the plaintiff did not want the tooth extracted. The plaintiff received a workup for a root canal, but, according to the plaintiff’s dental charts, she needed to discuss payment options with her husband before moving forward with the root canal. The plaintiff was given antibiotics at that time. According to the plaintiff, she decided that if the antibiotics “fix[ed] the problem,” she would not pursue a root canal. The plaintiff did not feel pain again in that tooth and did not pursue a root canal.
 

 In July 2013, the plaintiff returned to the dental office complaining of pain in the upper right portion of her mouth after having eaten a piece of hard candy. An X ray revealed that the plaintiff’s upper right second molar, identified in her charts as tooth number two, was fractured. The plaintiff saw the defendant Gary M. Freedman at that visit. According to the plaintiff, Freedman told her that the tooth would need to be pulled or crowned, and she elected to have it pulled because it was in the back of her mouth where no one could see it. According to Freedman, the plaintiff elected to have tooth number two crowned. Freedman testified at his deposition that he reminded the plaintiff that tooth number four was infected and should be treated, and that the plaintiff told him that she was ready to have tooth number four removed.
 

 The plaintiff was referred to the defendant Eric K. Oh to have a tooth extracted. The plaintiff alleges that she believed she was having the fractured tooth, tooth number two, extracted. The referral, however, identified tooth number four as the tooth to be extracted. The plaintiff signed a consent form in connection with the extraction, which identified the diagnosis as “ext #4.” The form did not identify the planned treatment or alternative treatment methods, and it is undisputed that the plaintiff signed the form in the reception area prior to seeing Oh. In addition, although there is a doctor’s signature on the form, it is not the signature of Oh. According to the plaintiff, Oh did not speak to her prior to the surgery. In contrast, at his deposition, Oh testified that he spoke to the plaintiff prior to the operation about removing the infected tooth and reviewed X rays with her. After surgery, the plaintiff complained that Oh had removed the wrong tooth.
 

 The plaintiff commenced this action alleging malpractice in the removal of tooth number four and lack of informed consent. Oh moved for summary judgment dismissing the complaint insofar as asserted against him. Freedman and the dental office (hereinafter together the dental office defendants) separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court awarded summary judgment dismissing the causes of action alleging malpractice in the removal of tooth number four, finding that removal of the tooth was not a deviation from accepted standards of dental practice. However, the court denied summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against Oh and the dental office defendants. Oh and the dental office defendants separately appeal.
 

 “[L]ack of informed consent is a distinct cause of action requiring proof of facts not contemplated by an action based merely on allegations of negligence” (Jolly v Russell, 203 AD2d 527, 528 [1994]; see Walker v Saint Vincent Catholic Med. Ctrs., 114 AD3d 669, 670 [2014]). “To establish a cause of action for malpractice based on lack of informed consent, plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury” (Foote v Rajadhyax, 268 AD2d 745, 745 [2000]; see Public Health Law § 2805-d; Dyckes v Stabile, 153 AD3d 783 [2017]; Figueroa-Burgos v Bieniewicz, 135 AD3d 810, 811 [2016]). “The mere fact that the plaintiff signed a consent form does not establish the defendants’ prima facie entitlement to judgment as a matter of law” (Schussheim v Barazani, 136 AD3d 787, 789 [2016]; see Walker v Saint Vincent Catholic Med. Ctrs., 114 AD3d at 670-671; Kozlowski v Oana, 102 AD3d 751, 753 [2013]).
 

 Contrary to the appellants’ contentions, the Supreme Court properly determined that triable issues of fact precluded an award of summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against them. The deposition testimony of the parties and the generic consent form signed by the plaintiff revealed a factual dispute as to whether the plaintiff was adequately informed about the extraction, namely which tooth would be removed (see Schussheim v Barazani, 136 AD3d at 789; Chan v Toothsavers Dental Care, Inc., 125 AD3d 712, 714 [2015]; Walker v Saint Vincent Catholic Med. Ctrs., 114 AD3d at 670-671; Kozlowski v Oana, 102 AD3d at 753). In addition, each of the expert opinions submitted on the summary judgment motions was in agreement that a root canal was a viable alternative treatment to the extraction of tooth number four. Thus, there were triable issues of fact as to whether a reasonably prudent patient in the plaintiff’s position would have undergone the extraction of tooth number four if he or she had been fully informed (see Walker v Saint Vincent Catholic Med. Ctrs., 114 AD3d at 671; Kozlowski v Oana, 102 AD3d at 753).
 

 Accordingly, the Supreme Court properly determined that the appellants were not entitled to summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against each of them.
 

 Mastro, J.P., Dillon, Roman and Brathwaite Nelson, JJ., concur.