Herrera v Sanroman (2020 NY Slip Op 05726)





Herrera v Sanroman


2020 NY Slip Op 05726


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2016-12570
 (Index No. 16072/10)

[*1]Kathleen Herrera, et al., respondents,
v
Gustavo A. Sanroman, etc., et al., defendants, Michael A. Nemirov, etc., et al., appellants.


Koster, Brady & Nagler, LLP, New York, NY (Bruce M. Brady and William H. Gagas of counsel), for appellants.
Levine & Grossman, Mineola, NY (Brian C. Lockhart of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendants Michael A. Nemirov and Long Island Anesthesia Physicians, LLP, appeal from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated October 19, 2016. The order, insofar as appealed from, denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Michael A. Nemirov and Long Island Anesthesia Physicians, LLP, for summary judgment dismissing the complaint insofar as asserted against them is granted.
This action arises out of the placement of a lumbar epidural catheter and the administration of epidural anesthesia by the defendant Michael A. Nemirov, an anesthesiologist, to the plaintiff Kathleen Herrera (hereinafter the injured plaintiff) on June 4, 2008, in connection with the delivery of her child.
The injured plaintiff, and her husband suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice. Insofar as relevant to this appeal, the plaintiffs alleged that Nemirov improperly positioned the epidural catheter, causing her to experience left lower extremity weakness and numbness, namely foot drop. After the completion of discovery, Nemirov and his employer, the defendant Long Island Anesthesia Physicians, LLP (hereinafter together the defendants), moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motion. The defendants appeal.
In a medical malpractice action, a defendant physician moving for summary judgment must demonstrate either that there was no departure from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries (see Hernandez v Nwaishienyi, 148 AD3d 684, 686; Stukas v Streiter, 83 AD3d 18, 24). Once a defendant has made such a showing, the burden shifts to the plaintiff to "submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician" (Alvarez v Prospect Hosp., 68 NY2d 320, 324; see Stukas v Streiter, 83 AD3d at 26).
Here, we agree with the Supreme Court's determination that the defendants established their prima facie entitlement to judgment as a matter of law through the submission of, among other things, the affirmation of their expert, who opined that the defendants did not depart from the accepted standards of care and did not cause or contribute to the injured plaintiff's injuries. Contrary to the plaintiffs' contention, the expert's affirmation was neither vague nor conclusory. To the contrary, the expert set forth in detail the material facts on which his opinions were based, all of which were supported by record evidence (see Cassano v Hagstrom, 5 NY2d 643, 646).
However, we disagree with the Supreme Court's determination that the affirmation of the plaintiffs' expert, submitted in opposition to the motion, was sufficient to raise a triable issue of fact as to whether the defendants deviated or departed from accepted medical practice. Even assuming that the plaintiffs' expert was qualified to opine on the placement of an epidural catheter, the expert's opinion that Nemirov departed from the standard of care was conclusory and speculative, and relied on facts that were not supported by the record (see Schwartz v Partridge, 179 AD3d 963, 964-965; Bartolacci-Meir v Sassoon, 149 AD3d 567, 572). Accordingly, the court should have granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
In light of our determination, we need not reach the defendants' remaining contentions.
CHAMBERS, J.P., LEVENTHAL, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court