Friedberg v Rodeo (2021 NY Slip Op 02277)





Friedberg v Rodeo


2021 NY Slip Op 02277


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-11349
 (Index No. 32599/07)

[*1]Jodi Friedberg, respondent, 
v
Scott A. Rodeo, etc., et al., appellants.


Vigorito, Barker, Patterson, Nichols & Porter, LLP, New York, NY (Bhalinder L. Rikhye and Guy A. Lawrence of counsel), for appellants. 
Cartier, Bernstein, Auerbach & Steinberg, P.C., Patchogue, NY (Kenneth A. Auerbach of counsel) for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, the defendants appeal from an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated July 10, 2018. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for medical malpractice and lack of informed consent, alleging, inter alia, that a retained metal fragment from a knee surgery performed by the defendant Scott A. Rodeo at the defendant Hospital for Special Surgery caused her to suffer a foot drop. Following discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. The defendants appeal.
In a medical malpractice action, a defendant physician moving for summary judgment must demonstrate either that there was no departure from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries (see Herrera v Sanroman, 187 AD3d 863, 863; Stukas v Streiter, 83 AD3d 18, 24). Once a defendant has made such a showing, the burden shifts to the plaintiff to "submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician" (Alvarez v Prospect Hosp., 68 NY2d 320, 324; see Herrera v Sanroman, 187 AD3d at 863; Stukas v Streiter, 83 AD3d at 26).
Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law as to the plaintiff's allegation that there was a retained metal fragment that caused the plaintiff's injuries. The defendants' evidence demonstrated that the magnetic susceptibility artifact that the plaintiff alleged caused the injury to her peroneal nerve was microscopic metallic residue that was an ordinary result of the surgical procedure. However, in opposition, the plaintiff submitted an expert affirmation, which raised a triable issue of fact as to whether the plaintiff's alleged injury was caused by a macroscopic piece of metal that was left in the plaintiff's knee. Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice.
"[L]ack of informed consent is a distinct cause of action requiring proof of facts not contemplated by an action based merely on allegations of negligence" (Jolly v Russell, 203 AD2d 527, 528; see Godel v Benjy Goldstein and George Freud, D.D.S., PLLC, 155 AD3d 939, 941; Walker v Saint Vincent Catholic Med. Ctrs., 114 AD3d 669, 670). "To establish a cause of action for malpractice based on lack of informed consent, plaintiff must prove (1) that the person providing [*2]the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury" (Foote v Rajadhyax, 268 AD2d 745, 745; see Public Health Law § 2805-d; Godel v Benjy Goldstein & George Freud, D.D.S., PLLC, 155 AD3d at 941-942; Dyckes v Stabile, 153 AD3d 783, 785; Figueroa-Burgos v Bieniewicz, 135 AD3d 810, 811). "The mere fact that the plaintiff signed a consent form does not establish the defendants' prima facie entitlement to judgment as a matter of law" (Schussheim v Barazani, 136 AD3d 787, 789 see Godel v Benjy Goldstein & George Freud, D.D.S., PLLC, 155 AD3d at 942; Walker v Saint Vincent Catholic Med. Ctrs., 114 AD3d at 670-671; Kozlowski v Oana, 102 AD3d 751, 753).
Here, although the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging lack of informed consent, the plaintiff's opposition papers raised triable issues of fact. The deposition testimony of the parties and the generic consent forms signed by the plaintiff revealed a factual dispute as to whether Rodeo failed to disclose reasonably foreseeable risks associated with the treatment that a reasonable medical practitioner would have disclosed in the same circumstances (see Godel v Benjy Goldstein & George Freud, D.D.S., PLLC, 155 AD3d at 942). In addition, there were triable issues of fact whether a reasonably prudent patient in the plaintiff's position would have undergone the surgery if he or she had been fully informed (see id.), and whether the lack of informed consent was a proximate cause of the injury.
AUSTIN, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court