Mattocks v Ellant (2024 NY Slip Op 04955)

Mattocks v Ellant

2024 NY Slip Op 04955

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2020-04278 
2020-05658
 (Index No. 505506/16)

[*1]Crystal L. Mattocks, etc., appellant, 
v
Jonathan Ellant, etc., et al., respondents, et al., defendants.

Kerner & Kerner, P.C., New York, NY (Kenneth T. Kerner of counsel), for appellant.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Nicholas Tam of counsel), for respondent Jonathan Ellant.
Heidell Pittoni Murphy & Bach, LLP, New York, NY (Daniel S. Ratner, Daniel Lei, and Greg Freedman of counsel), for respondent New York Eye and Ear Infirmary.
Dorf Nelson & Zauderer, LLP, Rye, NY (Jonathan B. Nelson of counsel), for respondent Joseph Hubert Paul.
McAloon & Friedman, P.C. (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling and Melissa A. Danowski], of counsel), for respondent Alexander Slotwiner.

DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated May 27, 2020, and (2) a judgment of the same court dated June 5, 2020. The order granted the separate motions of the defendant Jonathan Ellant, the defendant New York Eye and Ear Infirmary, the defendant Joseph Hubert Paul, and the defendant Alexander Slotwiner for summary judgment dismissing the complaint insofar as asserted against each of them. The judgment, upon the order, is in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against each of them.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In October 2013, Ralph Carter (hereinafter the decedent), who had a long, significant [*2]history of alcohol abuse, presented to the defendant Jonathan Ellant, an ophthalmologist, with vision issues. Upon determining that the decedent had cataracts in each eye, Ellant recommended that the decedent have surgery performed in separate procedures to remove the cataracts. Ellant required the decedent to obtain medical clearance before performing the surgery. Thereafter, the decedent visited his primary care physician, the defendant Joseph Hubert Paul, who discovered that the decedent suffered from atrial fibrillation. Paul referred the decedent to the defendant Alexander Slotwiner, a cardiologist, for further testing and treatment. According to Slotwiner, he prescribed Metoprolol to manage the decedent's atrial fibrillation and reduce his heart rate, as well as aspirin to reduce the risk of a stroke. Based on the decedent's alcohol abuse, anticoagulation medication was contraindicated. Slotwiner cleared the decedent for the surgery. Paul completed the medical clearance form, confirming that the decedent could have the cataract removal surgery.
In November 2013, the decedent underwent cataract removal surgery on his left eye, which was performed by Ellant without incident at the defendant New York Eye and Ear Infirmary (hereinafter NYEEI). Subsequently, in December 2013, Ellant performed cataract removal surgery on the decedent's right eye also at NYEEI. While the decedent was in the post-anesthesia care unit, he displayed right-sided weakness. Nonparty Rebecca Bagdonas, an anesthesiologist, evaluated the decedent and diagnosed a possible stroke. The decedent was then transferred to Beth Israel Medical Center where he was diagnosed with a left middle cerebral artery territory infarct. Thereafter, he was transferred to a nursing home, where he remained until his death in September 2018.
In 2016, this action was commenced by a guardian of the decedent, who was thereafter substituted by the administrator of the decedent's estate. The plaintiff sought to recover damages for medical malpractice and lack of informed consent. The plaintiff alleged, inter alia, that the defendants committed medical malpractice by failing to appreciate the decedent's atrial fibrillation before clearing him for the cataract removal surgery and operating on him. Following the completion of discovery, Ellant, NYEEI, Paul, and Slotwiner (hereinafter collectively the defendants) separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated May 27, 2020, the Supreme Court granted the defendants' separate motions. Thereafter, a judgment dated June 5, 2020, was entered in favor of the defendants and against the plaintiff dismissing the complaint insofar as asserted against each of them. The plaintiff appeals.
"In moving for summary judgment dismissing a cause of action alleging medical malpractice, a defendant must establish, prima facie, that there was no departure or deviation from the accepted standard of care or that such departure or deviation was not a proximate cause of any injury to the plaintiff" (Attia v Klebanov, 192 AD3d 650, 651; see Wijesinghe v Buena Vida Corp., 210 AD3d 824, 825). "In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars" (Wiater v Lewis, 197 AD3d 782, 783; see Kielb v Bascara, 217 AD3d 756, 756).
Once the defendant makes its prima facie showing, "the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact as to the elements on which the defendant met the prima facie burden" (Piazza v NYU Hosps. Ctr., 208 AD3d 525, 526; see Wijesinghe v Buena Vida Corp., 210 AD3d at 825). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Feinberg v Feit, 23 AD3d 517, 519; see Ivey v Mbaidjol, 202 AD3d 1070, 1072). "To rebut the defendant's prima facie showing, a plaintiff must submit an expert opinion that specifically addresses the defense expert's allegations" (Pirri-Logan v Pearl, 192 AD3d 1149, 1150; see M.T. v Lim, 203 AD3d 778, 778-779). "'General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant [provider's] summary judgment motion'" (J.P. v Patel, 195 AD3d 852, 854, quoting Myers v Ferrara, 56 AD3d 78, 84; see Bum Yong Kim v North Shore Long Is. Jewish Health Sys., Inc., 202 AD3d 653, 655). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Tsitrin v New York Community Hosp., 154 AD3d 994, 996 [internal quotation marks omitted]; see Bum Yong Kim [*3]v North Shore Long Is. Jewish Health Sys., Inc., 202 AD3d at 655). "'An expert opinion that is contradicted by the record cannot defeat summary judgment'" (Wagner v Parker, 172 AD3d 954, 955, quoting Bartolacci-Meir v Sassoon, 149 AD3d 567, 572; see Lamalfa v New York Methodist Hosp., 202 AD3d 665, 666).
Here, the defendants each established their prima facie entitlement to judgment as a matter of law by submitting, among other things, affidavit/affirmations of their respective expert physicians, who opined that each of the defendants did not depart from the accepted standard of care and that any alleged departures were not a proximate cause of the decedent's injuries (see Weintroub v Maimonides Med. Ctr., 222 AD3d 915, 916; Lamalfa v New York Methodist Hosp., 202 AD3d at 666; Messeroux v Maimonides Med. Ctr., 181 AD3d 583, 585).
In opposition, the plaintiff failed to raise a triable issue of fact. Affidavits of the plaintiff's experts, inter alia, failed to address specific assertions made by the defendants' experts, including, among other things, that a stroke was not a risk of cataract removal surgery and that aspirin was an appropriate prescription given the decedent's medical history, including his alcohol abuse, and were otherwise speculative and conclusory (see Bum Yong Kim v North Shore Long Is. Jewish Health Sys., Inc., 202 AD3d at 656; Pirri-Logan v Pearl, 192 AD3d at 1151). Accordingly, the Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the medical malpractice cause of action insofar as asserted against each of them.
"'To establish a cause of action for malpractice based on lack of informed consent, [the] plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury'" (Pirri-Logan v Pearl, 192 AD3d at 1151, quoting Godel v Benjy Goldstein & George Freud, D.D.S., PLLC, 155 AD3d 939, 941-942; see Public Health Law § 2805-d). "'The mere fact that the plaintiff signed a consent form does not establish the defendants' prima facie entitlement to judgment as a matter of law'" (Huichun Feng v Accord Physicians, PLLC, 194 AD3d 795, 797, quoting Schussheim v Barazani, 136 AD3d 787, 789). "[A] defendant can establish entitlement to summary judgment by demonstrating that the plaintiff signed a detailed consent form after being apprised of alternatives and foreseeable risks, by demonstrating that a reasonably prudent person in the plaintiff's position would not have declined to undergo the surgery, or by demonstrating that the actual procedure performed for which there was no informed consent was not a proximate cause of the injury" (Pirri-Logan v Pearl, 192 AD3d at 1151; see Ciceron v Gulmatico, 220 AD3d 732, 735). A defendant can also establish entitlement to summary judgment by demonstrating, prima facie, that he or she had no duty to obtain the patient's informed consent for a surgical procedure because the defendant was not involved with the patient's surgery (see Macancela v Wyckoff Hgts. Med. Ctr., 176 AD3d 795, 798).
Here, the defendants each established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging lack of informed consent by submitting, among other things, the decedent's medical records, the affidavit/affirmations of their respective expert physicians, and transcripts of the parties' deposition testimony. In opposition, the affidavits of the plaintiff's experts failed to raise a triable issue of fact, as they failed to address certain assertions made in the decedent's medical records, the defendants' expert affidavit/affirmations, and the parties' deposition testimony. Accordingly, the Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against each of them.
Contrary to the plaintiff's contention, the Noseworthy doctrine (see Noseworthy v City of New York, 298 NY 76, 80) does not apply in this case. The plaintiff has failed to show that there is any factual testimony to which the decedent could have testified which would have been relevant on the issue of the alleged malpractice (see Feltus v Staten Is. Univ. Hosp., 285 AD2d 445, 447).
The parties' remaining contentions either need not be reached in light of our determination or are not properly before this Court.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court