Folkes v Brooklyn Oak Dental Care, P.C. (2025 NY Slip Op 04550)

Folkes v Brooklyn Oak Dental Care, P.C.

2025 NY Slip Op 04550

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-01657
 (Index No. 509919/18)

[*1]Martha Elizabeth Folkes, appellant, 
v
Brooklyn Oak Dental Care, P.C., et al., defendants, Sarah Johnson Taylor, etc., respondent.

Lutfy & Santora, Staten Island, NY (James L. Lutfy of counsel), for appellant.
Henry Schwartz, Brooklyn, NY (John P. Anderson of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for dental malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated February 8, 2022. The order granted the motion of the defendant Sarah Johnson Taylor for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Sarah Johnson Taylor for summary judgment dismissing the complaint insofar as asserted against her is denied.
In May 2018, the plaintiff commenced this action to recover damages for dental malpractice and lack of informed consent against, among others, the defendant Sarah Johnson Taylor (hereinafter the defendant). The plaintiff alleged that she was injured in June 2016 when the defendant negligently and unnecessarily performed root canal treatment (hereinafter RCT) on the plaintiff. The plaintiff also alleged that the defendant failed to obtain the plaintiff's informed consent for the treatment and failed to inform the plaintiff of the reasonable alternatives of treatment. The defendant moved for summary judgment dismissing the complaint insofar as asserted against her. In an order dated February 8, 2022, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"'In a dental malpractice action, the requisite elements of proof are a deviation or departure from accepted standards of dental practice, and that such departure was a proximate cause of the plaintiff's injuries'" (Schmidt v Bangiyev, 210 AD3d 924, 924, quoting Kozlowski v Oana, 102 AD3d 751, 752). "'A defendant moving for summary judgment has the initial burden of establishing that he or she did not depart from good and accepted practice, or if there was such a departure, that it was not a proximate cause of the plaintiff's injuries'" (id., quoting Kelapire v Kale, 189 AD3d 1197, 1198). "'To sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the . . . bill of particulars'" (Turetsky v Shumantov, 222 AD3d 906, 907, quoting Koi Hou Chan v Yeung, 66 AD3d 642, 643).
Here, the defendant failed to establish, prima facie, her entitlement to judgment as a matter of law on the cause of action alleging dental malpractice. The affirmation of the defendant's [*2]medical expert was conclusory and ignored contradictions in the parties' depositions. Specifically, the defendant's expert asserted, based upon the defendant's deposition testimony, that the plaintiff presented on June 7, 2016, on an emergency basis and was experiencing pain; however, the plaintiff testified at her deposition that she had no issues with the tooth other than sensitivity to hot and cold, and the dental records from that date did not memorialize the plaintiff's complaints (see Faicco v Golub, 91 AD3d 817, 818; Callahan v Guneratne, 78 AD3d 753, 754). Additionally, the defendant's expert's conclusion that the plaintiff's injuries were caused during the completion of the root canal on a later date did not properly address proximate causation given that it was foreseeable that the plaintiff would return to have the root canal finished (see Mazella v Beals, 27 NY3d 694, 706).
The defendant also failed to establish, prima facie, her entitlement to judgment as a matter of law on the cause of action alleging lack of informed consent. To establish a cause of action for malpractice based on lack of informed consent, a plaintiff must prove "'(1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury'" (Kelapire v Kale, 189 AD3d at 1198-1199, quoting Spano v Bertocci, 299 AD2d 335, 337-338).
Here, while the plaintiff did sign a consent form, "'[t]he mere fact that the plaintiff signed a consent form does not establish the defendants' prima facie entitlement to judgment as a matter of law'" (Godel v Benjy Goldstein & George Freud, D.D.S., PLLC, 155 AD3d 939, 942, quoting Schussheim v Barazani, 136 AD3d 787, 789). The conclusion of the defendant's expert that the defendant explained the risks and alternatives of RCT to the plaintiff, based upon the defendant's deposition testimony that she remembered reviewing the consent form with the plaintiff, was contradicted by the plaintiff's deposition testimony that the defendant did not discuss the risks associated with RCT and did not offer any other treatment options. Additionally, the defendant's expert did not aver that a reasonably prudent patient in the same position would have undergone RCT if she had been fully informed. Accordingly, there were triable issues of fact on the issue of informed consent (see id.; Koi Hou Chan v Yeung, 66 AD3d at 643-644).
In light of our determination, it is unnecessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against her.
BARROS, J.P., GENOVESI, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court