Ford v Litvak (2026 NY Slip Op 01492)

Ford v Litvak

2026 NY Slip Op 01492

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
PHILLIP HOM
ELENA GOLDBERG VELAZQUEZ, JJ.

2021-02177
 (Index No. 710558/17)

[*1]Joshua Ford, respondent, 
vStephen Litvak, etc., appellant.

Dorf Nelson & Zauderer, LLP, Rye, NY (Jonathan B. Nelson of counsel), for appellant.
Koss & Schonfeld, LLP, New York, NY (Jacob J. Schindelheim of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, the defendant appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), dated February 22, 2021. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In February 2015, the defendant performed a laparoscopic cholecystectomy, or gallbladder removal surgery, on the plaintiff. During the procedure, the defendant was unable to locate the plaintiff's gallbladder. A subsequent MRI revealed that the plaintiff did not have a gallbladder. The plaintiff commenced this action, inter alia, to recover damages for medical malpractice and lack of informed consent, alleging, among other things, that the defendant failed to perform a preoperative CT scan or MRI that could have revealed that the plaintiff did not have a gallbladder. The defendant moved for summary judgment dismissing the complaint, and the plaintiff opposed. In an order dated February 22, 2021, the Supreme Court denied the motion. The defendant appeals.
To establish a physician's liability for medical malpractice, the "plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Abruzzi v Maller, 221 AD3d 753, 755 [internal quotation marks omitted]; see Paglinawan v Ing-Yann Jeng, 211 AD3d 743, 744). "[O]n a motion for summary judgment, a defendant doctor must make a prima facie showing that there was no departure from good and accepted medical practice or that [their] acts were not a proximate cause of any injury to the plaintiff" (Templeton v Papathomas, 208 AD3d 1268, 1270; see Ortiz v Wyckoff Hgts. Med. Ctr., 149 AD3d 1093, 1094). "When a defendant makes a prima facie showing, the burden shifts to the plaintiff to raise a triable issue of fact with respect to the element of the cause of action or theory of nonliability that is the subject of the moving party's prima facie showing" (Xiao Yan Ye v Din Lam, 191 AD3d 827, 828; see Templeton v Papathomas, 208 AD3d at 1270). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Mirshah v Obedian, 200 AD3d 868, 871 [internal quotation [*2]marks omitted]; see Gupta v Lescale, 224 AD3d 668, 669).
Here, the defendant established his prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice by submitting, inter alia, an expert affirmation of a board-certified physician who opined with a reasonable degree of medical certainty that the treatment the defendant rendered to the plaintiff was in accordance with good and accepted medical practice and did not proximately cause any injuries. In opposition, the plaintiff raised a triable issue of fact by submitting an expert affirmation of a board-certified physician who opined that the defendant departed from the standard of care and caused the plaintiff's injuries by failing to consider the plaintiff's medical records and to confirm that the plaintiff had a gallbladder through a preoperative CT scan or MRI (see generally Ruiz v Opsha, 192 AD3d 1055). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging medical malpractice.
"'Lack of informed consent is a distinct cause of action requiring proof of facts not contemplated by an action based merely on allegations of negligence'" (Godel v Benjy Goldstein & George Freud, D.D.S., PLLC, 155 AD3d 939, 941 [alteration omitted], quoting Jolly v Russell, 203 AD2d 527, 528). "To establish a cause of action for malpractice based on lack of informed consent, [the] plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if [they] had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury" (Pirri-Logan v Pearl, 192 AD3d 1149, 1151 [internal quotation marks omitted]; see Williams v Levine, 238 AD3d 960, 962). "'The mere fact that the plaintiff signed a consent form does not establish the [defendant's] prima facie entitlement to judgment as a matter of law'" (Friedberg v Rodeo, 193 AD3d 825, 826, quoting Schussheim v Barazani, 136 AD3d 787, 789).
Here, the defendant demonstrated his prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging lack of informed consent. Among other things, the defendant's expert affirmation, the parties' deposition testimonies, and the plaintiff's signed consent form, established that the plaintiff was properly informed about the subject surgery, including alternatives and reasonably foreseeable risks attendant thereto (see Williams v Levine, 238 AD3d at 963; Pirri-Logan v Pearl, 192 AD3d at 1152). In opposition, the plaintiff's expert affirmation raised triable issues of fact (see Friedberg v Rodeo, 193 AD3d at 826-827; Godel v Benjy Goldstein & George Freud, D.D.S., PLLC, 155 AD3d at 942). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging lack of informed consent.
CONNOLLY, J.P., BRATHWAITE NELSON, HOM and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court